11-14-2012

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES CAYO,<br>  Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | 3:12cv638 (WWE) |
| | : | |
| | : | |
| THE STOP & SHOP SUPERMARKET<br>COMPANY and STOP & SHOP<br>HOLDINGS, INC.,<br>  Defendants. | : | |

FILED

2012 NOV 15 · A ⊕ 22

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

Plaintiff James Cayo brings this action against The Stop & Shop Supermarket Company and Stop & Shop Holdings, Inc. for violations of the Americans with Disabilities Act, Connecticut Fair Employment Act, negligence, interference with opportunity, false light, defamation, equitable tolling, injunctive relief, intentional infliction of emotional distress and negligent infliction of emotional distress.

Defendants removed this case to federal court on the basis of federal question and diversity jurisdiction. Defendants have filed a motion to dismiss the complaint in its entirety. For the following reasons, the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss.

Plaintiff was employed at Stop & Shop Supermarket as a senior store detective from January 21, 2000 to January 20, 2011. His job duties included apprehending

1

shoplifters, investigating product losses, preparing audits and monitoring surveillance cameras.  Stop & Shop has a written policy that prohibits an employee's failure to carry out assigned tasks and falsification of asset protection records.  Plaintiff received this policy on his first day of work.

At the beginning of 2010, plaintiff suffered fatigue, joint pain, knee pain, blurred vision, and migraine headaches.  In May 2010, plaintiff sought help by contacting the "Confidential Employee Assistance Program."  He sought medical treatment and was diagnosed with depression.

In 2010, he advised Asset Protection Manager Silvana Baxter of his medical diagnosis and medication.  Plaintiff maintains that he experienced side effects from the anti-depressants that affected his work performance.

Plaintiff asserts that he continued to report to work despite his medical symptoms and conditions.  Due to his migraine headaches that caused blurry vision and dizziness, plaintiff would shut lights off in his office but keep on the main monitors so that he could observe the store's front end.

In October 2010, plaintiff was diagnosed with Lyme Disease.  He advised Baxter of his diagnosis but he did not take a medical leave of absence.

On January 20, 2011, plaintiff was discharged for falsifying documents.  Prior to discharging plaintiff, defendant had progressively disciplined plaintiff and conducted an investigation.  Plaintiff alleges that Stop & Shop informed him, other employees and the unemployment office that he had been discharged because he was caught on video acting "in ways that were against company policies."

## DISCUSSION

### Claims against Stop & Shop Holdings

The Court takes judicial notice of the Connecticut Secretary of State filing that Stop & Shop Holdings, Inc. withdrew its registration with the State of Connecticut and last filed a report with the State in 1994. See Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (court can take judicial notice of public filings). Plaintiff has alleged that he commenced work for defendants in 2001 and therefore could not have worked for Stop & Shop Holdings, Inc. Accordingly, the Court will dismiss the complaint against Stop & Shop Holdings, Inc.

### Exhaustion of Administrative Remedies

Defendants assert that this Court should dismiss plaintiff's ADA and CFEPA claims due to failure to exhaust his administrative remedies

A plaintiff claiming employment discrimination pursuant to the ADA or CFEPA must pursue administrative procedures pursuant to certain deadlines before commencing a lawsuit.[1] Fitzgerald v. Henderson, 251 F.3d 345, 359-360 (2d Cir. 2001); Zawacki v. Realogy Corp., 628 F. Supp. 2d 274, 280-82 (D. Conn. 2009) (a CFEPA plaintiff must timely file administrative charges and receive release of jurisdiction). Exhaustion is not a jurisdictional prerequisite, but it is a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and

---

[1]ADA exhaustion requirements are analogous to those for Title VII claims. Rieger v. Orlor, Inc., 427 F. Supp. 2d 105, 114 (D. Conn. 2006).

take remedial action.  Stewart v. United States Immigration and Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985).

In his opposition brief, plaintiff makes no argument that he exhausted or even attempted to exhaust his administrative remedies.  In his complaint, plaintiff has alleged that he failed to file an administrative complaint due to temporary mental retardation. However, plaintiff does not allege facts indicating that he was prevented from filing an administrative complaint and such vague allegations cannot serve to justify equitable tolling.  MacLennan v. Provident Life & Accident Ins. Co., 676 F. Supp. 2d 57, 63 (D. Conn. 2009).   Accordingly, the Court will dismiss these claims due to plaintiff's failure to exhaust his administrative remedies.

### Negligence

Plaintiff alleges that defendant Stop & Shop breached its duty of care when it asked plaintiff to perform to its standards without providing him a reasonable accommodation for his alleged disability.  Thus, plaintiff seeks a remedy in negligence based on defendant's failure to comply with the ADA to accommodate his alleged disability.   However, plaintiff may not avoid the procedural scheme of his state and federal statutory remedies by asserting a common law claim for negligence.  White v. Martin, 23 F. Supp. 2d 203, 207 (D. Conn. 1998).

### Interference with Opportunity

Plaintiff asserts a claim entitled Interference with Opportunity.  He alleges that, as a result of the wrongful termination and negligence of the defendant, he lost his income.  The Connecticut common law does not recognize a claim for Interference with Opportunity and it will be dismissed.  To the extent that plaintiff alleges a wrongful

termination claim in this count, it will also be dismissed because plaintiff had federal and state statutory remedies and cannot avoid compliance with such statutory schemes by pleading a common law wrongful discharge claim. Nanos v. City of Stamford, 609 F. Supp. 2d 260, 268 (D. Conn. 2009) (ADA contains remedies sufficient to preclude wrongful discharge claims).

**Equitable Tolling and Injunctive Relief**

In counts five and eight, plaintiff pleads Equitable Tolling of Statute of Limitation and Injunctive Relief, respectively. These two counts are not recognized causes of action and will be dismissed.

**False Light**

In count three, plaintiff alleges that defendant "publicized material and information about the Plaintiff that was false," that defendant "told the Plaintiff, other employees of the Defendant and the unemployment office" that plaintiff was fired because he was caught "on video acting in ways that were against company policies." Defendant asserts that plaintiff's claim should be dismissed for failure to satisfy the prima facie case.

A claim for false light requires that the defendant give publicity to a matter concerning plaintiff that places the plaintiff before the public in a false light. Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 131 (1982). In the context of false light invasion of privacy, the publication of the matter means that the matter was made public by communicating it to the public at large or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. Holmes v. Town of East Lyme, 2012 WL 1108557, *17 (D. Conn. March 30, 2012).

When information concerning an employee's reason for discharge is conveyed to a limited number of individuals or co-workers with a need for such information, the publicity requirement is not met. Pace v. Bristol Hosp., 964 F. Supp. 628, 631-32 (D. Conn. 1997) (employer's communication of reasons for former employee's discharge to interested co-workers and an independent contractor with whom plaintiff worked did not constitute publicity). For purposes of an invasion of privacy, it is not sufficient to communicate a fact to a single person or even to a small group of persons. Palkimas v. Bella, 2012 WL 1048868, *7 (D. Conn. 2012).

In this instance, plaintiff's allegations establish that any publicity was made to a small number of people, including plaintiff, unnamed employees and individuals at the "unemployment office." Accordingly, plaintiff cannot establish a false light invasion of privacy claim and this count will be dismissed.

**Defamation**

Plaintiff has alleged that defendant told the plaintiff, other employees, and "the unemployment office" that the plaintiff was fired because he had been caught on video "acting in ways that were against company policies" and that defendant "publicized material and information about the Plaintiff that was false to other employees and the unemployment office." Defendant asserts that plaintiff's allegations do not satisfy the standard necessary to plead a claim of defamation.

To establish a prima facie case of defamation, plaintiff must establish that (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as result of the statement.

Gagnon v. Housatonic Valley Tourism District Commission, 92 Conn. App. 835, 848 (2005). The complaint must afford a defendant sufficient notice of the communications complained of to enable that defendant to defend itself. U.S. ex rel. Smith v. Yale University, 415 F. Supp. 2d 58, 108 (D. Conn. 2006). A plaintiff need not list the alleged defamatory statements verbatim but must plead what defamatory statements were made concerning the plaintiff, when they were made and to whom they were made. Abrahams v. Young & Rubicam, 979 F. Supp. 122, 128 (D. Conn. 1997).

Here, plaintiff has not alleged who made the statements, the context in which the statements were made, and who heard the statements. These allegations are essential to defendant's ability to determine the applicability of a defense such as a privileged communication. See Smith, 415 F. Supp. 2d at 109. However, the Court will allow plaintiff the opportunity to replead a viable defamation claim.

**Intentional Infliction of Emotional Distress**

Defendant asserts that plaintiff has failed to allege conduct sufficiently extreme and outrageous to support his claim of intentional infliction of emotional distress.

Liability for intentional infliction of emotional distress requires conduct exceeding all bounds of decent society and which is calculated to cause, and does cause, mental distress of a very serious kind. DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991). Connecticut courts have narrowly defined the boundaries of extreme and outrageous conduct. See Grasso v. Connecticut Hospice, Inc., 138 Conn. App. 759, 2012 WL 4872783, *8 (Oct. 23, 2012) (citing cases finding no intentional infliction of emotional distress). In the employment context, an employer's routine adverse employment action, even if improperly motivated, does not constitute extreme and

outrageous behavior unless conducted in an egregious and oppressive manner.  Sousa v. Rocque, 2012 WL 4967246, * 7 (D. Conn. Oct. 17, 2012).  Connecticut superior courts have held that a defendant's allegedly false reporting of an employee's conduct does not rise to the level intentional infliction of emotional distress.  See Gillians v. Vivanco-Small, 128 Conn. App. 207, 213, cert. denied, 301 Conn. 933 (2011) (no claim for intentional infliction of emotional distress based on allegations that defendant co-workers conspired to create hostile work environment including falsely accusing plaintiff of racial and sexual bias and giving negative performance); Tracy v. New Milford Public Schools, 101 Conn. App. 560, 569, cert. denied, 284 Conn. 910 (2007) (defendants who harassed, intimidated, defamed and then disciplined plaintiff without proper investigation did not engage in extreme and outrageous conduct).  Here, plaintiff alleges that defendant failed to suggest that he should take a medical leave of absence, that defendant progressively disciplined him, and that defendant publicized false information that plaintiff was caught on video acting in ways that were against company policy.  These allegations do not rise to the level of extreme and outrageous conduct exceeding all boundaries of decent society.  Accordingly, the motion to dismiss will be granted on this count.

**Negligent Infliction of Emotional Distress**

Defendant asserts that plaintiff has failed to provide allegations that defendants negligently inflicted emotional distress during the termination process as required by Connecticut law.  Perodeau v. Hartford, 259 Conn. 729, 750 (2002).

To prevail on a claim of negligent infliction of emotional distress, plaintiff must prove that defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress if it was caused might result in illness or bodily harm.  Thomas v. Saint Francis Hospital and Medical Center, 990 F. Supp. 81, 91 (D. Conn. 1998).  The distress experienced by plaintiff must be reasonable in light of defendant's conduct.  Barrett v. Danbury Hosp., 232 Conn. 242, 261 (1995).

In the employment context, negligent infliction of emotional distress arises only when it is based upon unreasonable conduct of a defendant in the termination process. Perodeau, 259 Conn. at 750.  Conduct justifying the termination or compelling the resignation is not considered part of the termination process.  Grasso, 138 Conn. App. 759, 2012 WL 4872783 at *6.  The manner of plaintiff's termination must differ from the usual termination of employment or it must have been conducted in a way that would cause more than the normal upset from any termination of employment.  Chieffalo v. Norden Sys. Inc., 49 Conn. App. 474, 480-81 (1998).  Connecticut superior courts have found unreasonable conduct in the termination context where an employer knowingly made false claims about the employee's intentional conduct in connection with the firing, falsely accused an employee of misconduct or publicized false reasons for a plaintiff's termination.  Murphy v. MRM Consulting, Inc., 2012 WL 3206205, *2 (Conn. Super. 2012).  Superior courts have also found unreasonable conduct in the termination context where an employer interrogated an employee for several hours prior to the termination or escorted the employee off the premises by armed security guards in view of coworkers and announced publicly that the employee had breached business ethics

as the reason for termination.  <u>Woods v. Connection, Inc.</u>, 2012 WL 1592162, *9
(Conn. Super. Ct.  April 11, 2012).

In this instance, plaintiff has alleged that defendant falsely informed his co-
workers that he had been terminated after he was caught on video acting in ways
contrary to company policy.  Plaintiff has not alleged when or how this information was
communicated.  However, taking such allegation in the light most favorably to plaintiff,
the Court finds that plaintiff has adequately alleged a plausible claim that defendant
negligently inflicted emotional distress upon him in the termination context.
Accordingly, the motion to dismiss will be denied on this count.

### CONCLUSION

Based on the foregoing, defendants' motion to dismiss [doc. #14] is GRANTED
in part and DENIED in part.

The counts alleging negligence, interference with opportunity, false light invasion
of privacy, equitable tolling, injunctive relief, intentional infliction of emotional distress,
and ADA and CFEPA violations are dismissed with prejudice.  The count alleging
defamation is dismissed without prejudice.  The motion to dismiss is denied as to the
negligent infliction of emotional distress claim.

Plaintiff may file an amended complaint consistent with this Ruling within 15 days
of this Ruling's filing date.

/s/ Warren W. Eginton

_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE


Dated this ___ day of November, 2012 at Bridgeport, Connecticut.