UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES CAYO,                          :
    Plaintiff,                   :
                                 :
v.                                   :     3:12cv638 (WWE)
                                 :
                                 :
THE STOP & SHOP SUPERMARKET          :
COMPANY LLC,                         :
    Defendant.                   :

## ORDER

    Plaintiff James Cayo brought this action against The Stop & Shop Supermarket Company for violations of the Americans with Disabilities Act, Connecticut Fair Employment Act, negligence, interference with opportunity, false light, defamation, equitable tolling, injunctive relief, intentional infliction of emotional distress and negligent infliction of emotional distress.

    Defendant removed this case to federal court on the basis of federal question and diversity jurisdiction.  In ruling on a motion to dismiss filed November 15, 2012, the Court dismissed with prejudice the counts alleging negligence, interference with opportunity, false light invasion of privacy, equitable tolling, injunctive relief, intentional infliction of emotional distress, and ADA and CFEPA violations.  The Court dismissed the defamation claim without prejudice and instructed plaintiff to replead within fifteen days of the ruling's filing date.  The Court denied the motion to dismiss as to the negligent infliction of emotional distress claim.

    To date, plaintiff has failed to file an amended complaint as instructed. Accordingly, in an order dated February 19, 2013, the Court found that plaintiff had

waived his opportunity to amend the defamation claim, which is now considered to be dismissed with prejudice.

On that same date, the Court granted defendant's renewed motion for costs and fees based on plaintiff's failure to respond to discovery requests or the Court's order dated November 6, 2012 that instructed plaintiff to respond to defendant's discovery requests. On March 4, 2013, defendant later submitted an affidavit with billing records, indicating that the requested attorney fees amount to $1,669. Plaintiff did not file a response to the affidavit.

On March 7, 2013, defendant moved to dismiss the action for failure to comply with the discovery process and the orders of this Court. Plaintiff has failed to provide discovery responses that were due approximately seven months ago. Accordingly, this Court will dismiss the action pursuant to Federal Rule 41(b) for failure to prosecute.

In considering whether dismissal for failure to prosecute is warranted, the district court should consider (1) duration of plaintiff's failure, (2) whether plaintiff received notice that delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) the balance between alleviating court calendar congestion and protecting a party right to due process and a fair chance to be heard, and (5) the efficacy of lesser sanctions. Shabtai v. Levande, 38 Fed. Appx. 684, 686 (2d Cir. 2002). In this instance, dismissal is warranted due to the long period of time that plaintiff has failed to respond; the fact that defendants' motion to dismiss has been pending for more than 21 days and plaintiff has failed to respond; the prejudice of delay to defendant in light of the expense of its efforts to proceed with discovery; and the fact that plaintiff has had numerous opportunities and time to prosecute this case but has

failed to do so.  In fact, it appears from plaintiff's failure to respond to court orders and defendant's requests and motions that this action has been abandoned.  Accordingly, a lesser sanction than dismissal is not appropriate.

The Court hereby GRANTS defendant's motion to dismiss [doc. #36] and orders payment to defendant in the amount of $1,669 for the counsel fees associated with the preparation of the motion to compel and the renewed motion for cost and fees.

The clerk is instructed to close this case.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE


Dated this _10th_ day of April, 2013 at Bridgeport, Connecticut.